IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHAEL MATHEWS,** Individually And On Behalf Of All Others, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 5:20-cv-06057-RK |
| vs. | ) ) |
| **FIELDWORKS, LLC,** Defendant. | ) ) ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Michael Mathews, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, Fieldworks, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from Sterling Talent Solutions.

3. Defendant paid a fee to Sterling Talent Solutions for the information obtained concerning the Plaintiff.

4. The information obtained from Sterling Talent Solutions concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a rescission of employment offer,

refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff Mathews is a resident of Lee's Summit, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff replied to an ad on Craigslist for employment with Defendant in November of 2019.

15. Plaintiff went to Defendant's office for an interview on or about November 7, 2019.

16. The interview was a group interview that took place in the Defendant's office.

17. Plaintiff informed an employee of the Defendant that he had a criminal history during the interview and Defendant's employee stated that the Plaintiff should be fine.
18. Plaintiff was hired on or about November 7, 2019, following the interview and provided a start date.
19. Plaintiff was shown a pop up screen on an ipad that indicated he was hired.
20. The pop up screen on the ipad had a button to send a link to the Plaintiff.
21. The pop up screen shown to the Plaintiff stated "proceed to application".
22. Plaintiff accessed the link that was provided and completed the Defendant's application form.
23. The Defendant's form stated it was an application.
24. Plaintiff then clicked a button labled "submit application".
25. Plaintiff did not understand that Defendant's form was anything other than an employment application.
26. Defendant's form did not disclose that the Defendant would procure a Consumer Report.
27. Defendant's form did not obtain Plaintiff's authorization to procure a Consumer Report.
28. The form used by the Defendant to "disclose" and receive "authorization" to procure a Consumer Report originated from another document used by the Defendant up until early 2019.
29. In or about early 2019 the Defendant took its employment application and split it into two applications.   (Exhibit 1).

30. Both of the applications created from the employment application used substantially the same language.

31. On information and belief the Defendant began using just an online applicaiton in early 2020 that was substantially the same as the application Plaintiff completed.

32. All three of the documents used by the Defendant to procure Consumer Reports since 2018 have been insufficient and violate the mandates of the FCRA.

33. Plaintiff did not believe he was given a document disclosing that the Defendant would obtain a Consumer Report for employment purposes.

34. Plaintiff did not interpret any document he was given as disclosing that the Defendant would obtain a Consumer Report for employment purposes.

35. Plaintiff does not believe he authorized the Defendant to procure a Consumer Report for employment purposes.

36. Plaintiff did not interpret any document he may have signed as authorizing the Defendant to procure a Consumer Report on him for employment purposes.

37. Plaintiff's oral disclosure of his criminal history during the interview and the Defendant's indication that it shouldn't be a problem further supports Plaintiff's belief that no document disclosed that a Consumer Report would be obtained for employment purposes as that would have prohibited the Defendant from telling him his criminal history would be fine if the Defendant was then going to procure a Consumer Report that would foreclose his ability to work for the Defendant.

38. On or about November 14, 2019, Plaintiff received a phone call and was told that he would not be hired due to information in his Consumer Report.

39. Plaintiff received a text message the same day as the phone call and was notified a

second time that the Defendant could not offer him a position due to background check.

40. The text message notifying the Plaintiff he was being denied employment because of his background check is standard company policy.

41. Plaintiff did not know that the Defendant had contacted Sterling Infosystems and utilized a third party to access his personal information.

42. Plaintiff received an email approximately four days after the phone call with a copy of the consumer report attached.

43. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action.

44. Defendant did not give the Plaintiff a copy of his Consumer Report prior to withdrawing Plaintiff's offer of employment.

45. Defendant is aware of the FCRA.

46. Defendant has knowledge that it must comply with the FCRA.

47. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

48. Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to address and/or challenge any information in the Consumer Report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

49. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

50. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

51. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

52. Plaintiff asserts the following adverse action class defined as:

> **Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after February 21, 2018, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of the Consumer Report by the Defendant in advance of the adverse action.
>
> **Proposed Improper Disclosure Class:** All employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was obtained by the Defendant on or after February 21, 2018, and who executed one of the Defendant's application form(s).
>
> **Proposed Authorization Class:** All employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was obtained by the Defendant on or after February 21, 2018, and who executed one of the Defendant's application form(s).

### Numerosity

53. The proposed classes are so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for and/or applying for employment with the Defendant, Plaintiff believes that during

the relevant time period, a sufficient number of individuals would fall within the definition of the classes.

## Common Questions of Law and Fact

54. Virtually all of the issues of law and fact in this class action or, to the classes predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

    a. Whether Defendant uses Consumer Report information to conduct adverse actions on employees and prospective employees;

    b. Whether the applications used by Defendant disclosed that a Consumer Report would be obtained for employment purposes;

    c. Whether the Defendant's applications authorized them to obtain a Consumer Report for employment purposes;

    d. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

    e. Whether Defendant's violations of the FCRA were willful; and

    f. The proper measure of statutory damages and punitive damages.

## Typicality

55. Plaintiff's claims are typical of the members of the proposed classes. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically obtained Consumer Reports without disclosing or obtaining authorization and then taking adverse actions without first providing individuals with a copy of the report before taking adverse employment action based on information contained in said reports. The The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the

Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

56. Plaintiff, as representative of the classes, will fairly and adequately protect the interests of the classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the classes.

### Superiority

57. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

58. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

59. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the classes, so that any final relief is appropriate respecting the classes as a whole.

60. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative classes, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Amended Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

61. Plaintiff intends to send notice to all members of the putative classes to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

**FCRA VIOLATIONS**
**COUNT I**
**Adverse Action Violations**

62. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

63. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

64. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

65. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

66. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address any information or inaccuracies within the Consumer Reports prior to the adverse action.

67. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute, contest, and/or address the information contained in the Consumer Report.

68. Defendant did not provide the Plaintiff with a reasonable amount of time to review, dispute, contest, address and/or otherwise challenge any information that may have been present in the Consumer Report before taking an adverse action.

69. Defendant did not provide the Plaintiff with a FCRA Summary of Rights prior to the adverse action.

70. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

71. Defendant's failure to abide by the FCRA's notice provisions deprived the Plaintiff of required information and his right to address the information being used to deny his employment.

72. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the Consumer Report, and not providing the Plaintiff with a reasonable notice period to address and/or cure any information before taking adverse employment action as mandated by the FCRA;

    c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a consumer report was received concerning the consumer.

73. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

74. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

75. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Disclsoure Violation

73. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

74. Defendant violated the FCRA by failing to disclose that a Consumer Report would be obtained for employment purposes.

75. The documents used by the Defendant to obtain Consumer Reports since the beginning of the proposed class periods are employment applications. (Exhibit 1).

77. The documents used by the Defendant to procure Consumer Reports fail to inform the Plaintiff and other indidivuals that the Defendant will use a third party to access their personal information.

78. The foregoing violations were willful.

79. The Defendants' willful conduct is reflected by, among other things the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

    b. Defendant has ignored the plain unambiguous language of the FCRA and regulatory guidance from FTC Informal Staff Opinions;

    c. The applications in Exhibit 1 were created by the Defendant and used systematically with each and every new employee; and

    a. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(2) would be followed if a consumer report was received concerning the consumer.

80. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

81. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

82. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## Count III
### Authorization Violation

83. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

84. The documents used by the Defendant to obtain a Consumer Report on the Plaintiff and other individuals does not contain an authorization for the Defendant to obtain a consumer report for employment purposes.

85. Defendant's violation of the FCRA resulted in an invasion of Plaintiff's privacy as Plaintiff was not informed that a Consumer Report may be obtained for employment purposes.

86. Defendant's violation of the FCRA resulted in an invasion of Plaintiff's privacy as Plaintiff was not informed that a third party would access his personal information.

87. Defendant's violation of the FCRA resulted in an informational injury because the Plaintiff was not informed that a Consumer Report may be obtained for employment purposes.

88. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

    b. Defendant committed multiple violations of the FCRA by not obtaining an authorization to obtain a consumer report for employment purposes as mandated by the FCRA;

    c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    b. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(2) would be followed if a consumer

report was received concerning the consumer.

89. Plaintiff and the authorization class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

90. Plaintiff and the authorization class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

91. Plaintiff and the authorization class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

76.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

    d. Order finding that Defendant committed multiple, separate violations of the FCRA;

    e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned certifies that on January 26, 2021 I electronically submitted the foregoing to the Clerk of the Court with notification of such filing by ECF to all Defense Counsel of Record.

/s/ C. Jason Browm
Attorney for Plaintiff