IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL MATHEWS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-06057-CV-RK |
| FIELDWORKS, LLC, | ) |
| Defendant. | ) |

### ORDER

Before the Court is Plaintiff's motion for reconsideration. (Doc. 49.) The motion is fully briefed. (Docs. 50, 51, 54.) For the reasons set forth below, the motion is **DENIED.**

Following briefing and oral argument on the issue of Plaintiff's standing, the Court entered its order dismissing Counts II (disclosure violation under the Fair Credit Reporting Act ("FCRA")) and III (authorization violation under the FCRA) of Plaintiff's amended complaint for lack of standing and the Court's lack of subject matter jurisdiction, leaving Count I (adverse action violation under the FCRA) remaining ("Order"). (Doc. 46.) Plaintiff then filed his motion for reconsideration. (Doc. 49.)

Under Rule 54(b), "any order . . . , however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[1] The Court has "general discretionary

---

[1] Plaintiff filed his motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) provides for a motion to alter or amend a judgment. Under the Federal Rules of Civil Procedure, "judgment" is defined to "include[ ] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Accordingly, the term "judgment" encompasses a final judgment and an appealable interlocutory order. However, "judgment" does not include "an order dismissing fewer than all of the opposing parties or claims unless the district court directs the entry of final judgment under Rule 54(b), or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b)." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008). "Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment." *Id.* Rule 60(b) similarly provides an avenue to pursue relief from a final judgment.

Because here Plaintiff challenges "an order dismissing fewer than all of the opposing . . . claims" and "the district court [has not] direct[ed] the entry of final judgment under Rule 54(b), or expressly indicate[d] that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b)[,]" the Court will instead evaluate Plaintiff's challenges pursuant to the Court's authority under Rule 54(b).

authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co.*, 537 F.3d at 857.

Plaintiff first argues the Court erred in failing to provide notice to the parties of what standard would be applied to the briefing and hearing regarding Plaintiff's standing. Plaintiff argues the Court employed the Rule 12(b)(6) standard, and Plaintiff believed the Court would employ the Rule 12(b)(1) standard, resulting in prejudice to Plaintiff. As set forth in the Court's Order, however, "[t]he Eighth Circuit has explained that a 'court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack."'" *Philadelphia Indem. Ins. Co.*, 2020 WL 4819949, at *1 (quoting *Osborn v. United States*, 918 F.2d 724, n.6 (8th Cir. 1990)). "[I]n a factual attack the moving party submits evidentiary materials such as affidavits or depositions to attack the jurisdictional allegations of the complaint, and the court may consider that evidence when determining whether it has subject matter jurisdiction." *Id.* (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). Because the Court considered and applied the standard of Rule 12(b)(1) and Plaintiff believed that was the standard to be applied, Plaintiff's challenge as to proper notification of the applicable standard fails.

Plaintiff next argues the Court erred in its analysis of Plaintiff's adverse action claim, in which the Court ruled in Plaintiff's favor. Specifically, the Court found Plaintiff has standing as to his adverse action claim, the only claim remaining upon the entry of the Court's interlocutory order dismissing Plaintiff's Claims II and III. Plaintiff's contentions are: (1) the Court conflates the FCRA notice requirements of a Consumer Reporting Agency with those of an employer, and (2) for the purpose of standing, failure to provide a job applicant the Consumer Report prior to taking an adverse action, regardless of the accuracy of the Report and regardless of any employer policy as to any element of such Report, is a concrete injury.

The Court "may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010). Here, Plaintiff makes no such showing. Plaintiff had a fair opportunity to argue its position on the proper analysis of standing on its adverse action claim and makes no convincing argument to the contrary. Moreover, at this stage of the proceedings, only standing as to this claim

2

has been ruled upon.  In short, the Court has not made a final ruling on the merits of Plaintiff's adverse action claim.

Finally, Plaintiff argues the Court erred in dismissing rather than remanding his Claims II (disclosure) and III (authorization) under 28 U.S.C. § 1447(c).  Where "the case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court from whence it came."  *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  28 U.S.C. § 1453(c)(1) also specifies that, with one exception not applicable here, § 1447 "shall apply to any removal of a case under this section."  *Wallace*, 747 F.3d at 1033.  This language does not provide for "discretion to dismiss rather than remand an action."  *Id.* (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

A plain reading of section 1447(c) indicates that where the Court lacks subject matter jurisdiction over a *case*, that case must be remanded.  Here, however, although it appears the Court lacks subject matter jurisdiction over some but not all of Plaintiff's claims, it does not appear that the Court lacks subject matter jurisdiction over the case, because Count I challenging Defendant's adverse action as violative of the FCRA remains.  Because the Court does not lack subject matter jurisdiction over this case, the Court declines Plaintiff's request to remand its disclosure and authorization claims to the state court.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED:  June 10, 2021

3

Case 5:20-cv-06057-RK   Document 57   Filed 06/10/21   Page 3 of 3