IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| MICHAEL MATHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:20-06057-CV-RK |
| | ) | |
| FIELDWORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Fieldworks, LLC's motion for summary judgment (Doc. 47.) The motion for summary judgment is fully briefed. (Docs. 48, 55, 56.) For the reasons below, Defendant's motion for summary judgment is **DENIED.**

### Background

The following facts are taken from the parties' statements of uncontroverted material facts (Docs. 48, 55, 56), viewing the evidence "in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted).

Defendant's business is providing field services to nonprofit advocacy organizations, ballot measure committees, labor organizations, Democratic political campaigns and candidates, and political committees across the nation. Defendant's services include political organizing, gathering signatures on petitions for candidates and ballot measures, canvassing door to door and/or in public places for or against particular candidates, causes, initiatives and referenda, and related services. (Declaration of Christopher Gallaway ("Gallaway Decl.") ¶4.) Defendant has gathered voter signatures on candidate and ballot petitions successfully for many clients over a period of fifteen years. (*Id.* ¶ 5.) Defendant will typically set up temporary offices in a state and begin the process of recruiting, screening, and employing canvassers to carry out the particular project in the state. (*Id.* ¶6.)

Defendant contracts with a nationally known company, Sterling Talent Solutions ("Sterling") to perform background checks of job applicants. Plaintiff applied for employment as a canvasser with Defendant in early November 2019 by responding to an advertisement on Craigslist and then went to one of Defendant's offices for an interview on November 7, 2019.

(Gallaway Decl. ¶11; Amended Complaint ¶¶14-15.) Sterling's background check for Plaintiff indicated Plaintiff had been convicted of burglary in May of 2013. (Gallaway Decl. ¶ 13.) Plaintiff was in fact convicted of burglary. (Transcript of Deposition of Michael Mathews, Dec. 1, 2020 ("Mathews Tr.") 12:15-13:6.) As a result of the information disclosed by the background check, Defendant decided not to hire Plaintiff. (Gallaway Decl. ¶ 14).

On or about November 14, 2019, Plaintiff received a phone call and was told he would not be hired due to information in his background report. (Amended Complaint, Doc. No. 28, ¶38.) Plaintiff received a text message the same day as the phone call notifying him that Defendant could not offer him a position due to his background report. (Amended Complaint ¶39.) About four days later, Plaintiff received a copy of the background report. (Amended Complaint ¶42.) Later, in deposition, Plaintiff confirmed that in the background report, "nothing would be inaccurate, no. It's all correct." (Mathews Tr. 35:24-36:3.) Plaintiff does not recall contacting any of Defendant's employees or representatives about the background report after he received it (Mathews Tr. 34:23-35:3), nor does he recall contacting anyone at Sterling about the background report. (*Id.* 35:4-19.)

From approximately September to December 2019, Defendant's staffers did not properly initiate the Sterling adverse action process for applicants with disqualifying information in their background check reports. In all those cases, the applicant either did not receive the background check report or did not receive it before being told by Defendant that they would not be hired. (Gallaway Decl. ¶ 16.) One of those applicants was Plaintiff, who did not receive a copy of his background report until some time after he was notified by Defendant that he would not be hired. (Id. ¶ 17.)

Plaintiff filed a putative class action lawsuit alleging Defendant violated the Fair Credit Reporting Act ("FCRA") by (1) using a Consumer Report to take adverse employment action against Plaintiff and other class members without providing a copy prior to the adverse action, without providing a reasonable time to address any information or inaccuracies in the Consumer Report, and without providing an FCRA Summary of Rights, in violation of 15 U.S.C.A. § 1681b(3)(A) (Count I- adverse action claim); (2) failing to disclose a Consumer Report would be obtained for employment purposes, using documents to obtain such reports that were employment applications, and failing to inform Plaintiff and other class members Defendant would use a third party to access their personal information, in violation of 15 U.S.C.A. § 1681b(2)(A)(i) (Count II- disclosure claim); and (3) using documents that do not contain an authorization for Defendant to

obtain Consumer Reports on Plaintiff and other class members, in violation of 15 U.S.C.A. § 1681b(2)(A)(ii) (Count III- authorization claim).

On January 26, 2021, the Court voiced concerns to the parties during a status conference as to whether Plaintiff had standing to maintain an action in federal court under the FCRA. Because a district court does not have subject matter jurisdiction when a plaintiff lacks standing, the Court directed the parties to submit briefing applying the law of Article III standing to the Amended Complaint, and Defendant filed a motion to dismiss on the same grounds. (Docs. 32, 33.) Oral argument on the issue was held on February 10, 2021. Subsequently, the Court found Plaintiff lacked standing to pursue his disclosure claim under Count II and his authorization claim under Count III because Plaintiff had not established or pled he suffered a concrete injury, even assuming there were technical violations in Defendant's disclosure and authorization form under the FCRA. Accordingly, the Court dismissed Count II and Count III for lack of subject matter jurisdiction. As to Count I, the Court observed:

> even though Plaintiff eventually obtained his background report, and even though Plaintiff's background report was accurate, Defendant presents only argument that "FieldWorks' policy is not to hire felons [and] to exclude felons who were convicted of acts of dishonesty or violence, including burglary, from public contact." (Doc. 32, p. 5.) Without evidence of Defendant's policy, it is possible that Plaintiff could have addressed his conviction contained in the background report with Defendant and persuaded Defendant to hire him. In such case, Plaintiff would have suffered a concrete and particularized injury.

Accordingly, the Court concluded Plaintiff's Count I survived the motion to dismiss.

Defendant now moves for summary judgment on the grounds that there is no genuine dispute as to any fact material to the issue of Plaintiff's standing to assert Count I and Defendant is entitled to judgment as a matter of law because Plaintiff lacks standing to assert that claim. Further facts are set forth in the Discussion section as necessary.

**Legal Standard**

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (quotation marks and citations omitted). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (quotation mark and citation omitted). At the summary judgment

3

Case 5:20-cv-06057-RK   Document 58   Filed 06/14/21   Page 3 of 7

stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c)(1).

In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment). An "adverse party may not rely merely on allegations or denials, but must set out specific facts – by affidavits or other evidence – showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

Additionally, unless specifically controverted by the nonmoving party, all facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment. L.R. 56.1(a). To controvert a factual position, the nonmoving party must "refer specifically to those portions of the record upon which [he] relies." *Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 990 (8th Cir. 2006) (citation omitted). Finally, Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## Discussion

**I.    Adverse Action**

The FCRA mandates, subject to exceptions not relevant here, that when using a consumer report for employment purposes, a person intending to take an adverse action based in whole or in part on the consumer report shall provide a copy of the report and a description of the consumer's rights under the FCRA to the consumer to whom the report relates prior to taking such adverse action. 15 U.S.C.A. § 1681b(3)(A).

In Count I, Plaintiff alleges that Defendant used a Consumer Report to take adverse employment action against Plaintiff and other class members without (1) providing a copy prior to the adverse action, (2) providing a reasonable time to address any information or inaccuracies

4

in the Consumer Report, or (3) providing an FCRA Summary of Rights.  Plaintiff alleges Defendant's violations denied him a meaningful opportunity to address the information contained in the Consumer Report and deprived him of required information and his right to address the information being used to deny his employment.

Here, the Court's order on the issue of standing cited *Spokeo, Inc. v. Robins*, in which the Supreme Court explained that because "Article III standing requires a concrete injury even in the context of a statutory violation[,]" a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S. Ct. 1540, 1549 (2016).  After expressing its recognition that Congress, in enacting the FCRA, "plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk[,]" the *Spokeo* Court nonetheless acknowledged "[a] violation of one of the FCRA's procedural requirements may result in no harm."  136 S. Ct. at 1550.  The *Spokeo* Court then provided a specific example of just such a situation: "even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate."  136 S. Ct. at 1550.

Based on that rationale, this Court concluded that, without evidence of Defendant's alleged "policy not to hire felons [and] to exclude felons who were convicted of acts of dishonesty or violence, including burglary, from public contact[,]" (Doc. 32, p. 5.), it is possible that Plaintiff could have addressed his conviction contained in the background report with Defendant and persuaded Defendant to hire him.  In such case, Plaintiff would have suffered a concrete and particularized injury.

At this juncture, Defendant sets forth evidence of the above-referenced policy, and Plaintiff challenges this evidence.

## II. Disputed "Policy"

Christopher Gallaway is a co-owner and managing member of Defendant and stated in his declaration that because Defendant's work involves interaction with many members of the public, Defendant requires a background check including a check as to whether a potential employee has a criminal record.  He stated Defendant's policy is that an applicant convicted of certain offenses within a certain period of time will not be hired.  According to Gallaway's declaration, the policy is set forth in a chart listing those offenses and periods, which was included as an attached exhibit with his declaration.  The chart is attached hereto as an exhibit.

5

Plaintiff disputes the characterization of the chart as a policy, arguing it "is nothing more than an Excel spreadsheet that appears to be something akin to an initial grading matrix (or grading key) provided by the Defendant so that the Consumer Reporting Agency could provide them with a rating to package components." Plaintiff asserts the chart's failure to include an explanation or indication addressing the alleged "Scope" ("look-back period"), providing no reference to what seven means and no reference to what "look back" event seven is referring leaves the meaning unclear (e.g. seven could mean seven days, seven months, seven years, seven decades, or be part of a numbering system referring to a key that has nothing to do with seven years as argued by the Defendant). Plaintiff also challenges the chart based on the "look-back" period not indicating whether it is "looking-back" to the date of the alleged offense, charge date, disposition date, or something else. Plaintiff argues Defendant has not proved the existence of its alleged policy and has not provided evidence sufficient to establish the meaning of the information in its spreadsheet. Plaintiff points out that during deposition Gallaway testified that Plaintiff's burglary *charge* was more than seven years old so it would be outside of the seven year "look-back." (Gallaway Dep. p.97:19:25;98:1-14.) Gallaway did not testify that it was the *conviction* date that would be used. Plaintiff emphasizes that Gallaway altered his testimony after speaking with defense counsel.

Plaintiff argues that the ambiguity of the chart and Gallaway's inconsistent testimony are enough to create a reasonable dispute about material facts. The Court also concludes the record at this juncture is insufficient to entitle Defendant to judgment as a matter of law on Plaintiff's adverse action claim. That is because, taken as a whole, the current record leaves room for disagreement among reasonable factfinders as to the following: (1) whether Defendant has a policy, (2) whether Defendant consistently enforces such policy, (3) whether such policy would operate to exclude Plaintiff from employment with Defendant, (4) whether Plaintiff would be excluded from employment pursuant to the policy regardless of a meaningful opportunity to respond to a Consumer Report provided to Plaintiff far enough in advance that Plaintiff could address it with a representative of Defendant prior to a decision being made. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (Only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (internal quotation marks omitted)).

### III.    Conclusion

Viewing the evidence "in the light most favorable to the nonmoving party and giv[ing] the nonmoving party the benefit of all reasonable inferences," *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d at 1102, Plaintiff has set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

The Court has determined that Defendant has not shown it is entitled to judgment as a matter of law. Accordingly, and after careful consideration, Defendant's motion for summary judgment (Doc. 47) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 14, 2021