# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL MATHEWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:20-06057-CV-RK ) |
| FIELDWORKS, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion for class certification. (Doc. 22.) The motion has been fully briefed. (Docs. 23, 38, 45.) After careful consideration and for the reasons below, the motion is **DENIED**.

## Background

Plaintiff applied for employment with Defendant employer. Plaintiff alleges Defendant failed to give Plaintiff and those similarly situated to him a copy of their consumer report before it took adverse action against them based on those consumer reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3).

Specifically, Plaintiff claims Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the putative adverse action class. Plaintiff alleges Defendant violated the FCRA by failing to provide Plaintiff and other adverse action class members with (1) a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action and (2) a reasonable time to review, dispute, contest, address, and/or otherwise challenge any information or inaccuracies within the Consumer Reports prior to the adverse action. Plaintiffs seek to certify the following class:

> All employees or prospective employees of Defendant that suffered an adverse employment action on or after February 21, 2018, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of the Consumer Report by the Defendant in advance of the adverse action.

(Doc. 22 at 1.)

**Discussion**

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016). The Court "adheres to a rigorous analysis of the Rule 23 requirements, which includes that a class 'must be adequately defined and clearly ascertainable.'" *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (citation omitted). Ascertainability is an "implicit" Rule 23 requirement that must be discussed independently. *McKeage v. TMBC, LLC*, 847 F.3d 992, 998 (8th Cir. 2017).

Plaintiffs must also satisfy the four explicit prerequisites in Rule 23(a) and at least one of the three subsections of Rule 23(b). *Ebert*, 823 F.3d at 477. The four Rule 23(a) prerequisites are: "numerosity of plaintiffs, commonality of legal or factual questions, typicality of the named plaintiff's claims or defenses, and adequacy of representation by class counsel." *Id.* To obtain certification of a Rule 23(b)(3) class, Plaintiffs must show that common questions "predominate" over individual questions and that a class action is "superior" to other available methods of adjudication.[1]

Here, Defendant contests Plaintiff's proposed adverse action class only as to typicality and predominance, so the Court's inquiry focuses on these elements. After careful consideration, the Court concludes Plaintiff has carried his burden as to typicality but not as to predominance.

**I. Typicality - Rule 23(a) Requirement**

Plaintiff has satisfied his burden to show typicality. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" "[C]lass representatives should have the same interests and seek a remedy for the same injuries as other class members." *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2012 WL 12897285, at *9 (W.D. Mo. Feb. 9, 2012). The Eighth Circuit has long required "a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Id.* (quoting *Chaffin v. Rheem Mfg. Co.*, 904 F.2d 1269, 1275 (8th Cir. 1990)). However, all putative class members need not "share identical claims[,]" rather, the typicality element is fulfilled where putative class members' claims or defenses "stem from a single event or are based on the same legal procedure or remedial theory." *Id.* (quoting *Jones v. NovaStar Financial, Inc.*,

---

[1] Plaintiffs do not request to certify a Rule 23(b)(1) class or a Rule 23(b)(2) class.

257 F.R.D. 181, 187 (W.D. Mo. 2009)). "Moreover, typicality refers to the nature of the claim or defense, and not to the specific facts from which it arose or the relief sought." *Haile v. Debt Shield, Inc.*, No. 08-4295-CV-C-SOW, 2011 WL 13290211, at *3 (W.D. Mo. Aug. 29, 2011) (internal quotation marks omitted).

Plaintiff argues the members of the proposed class were subjected to Defendant's company policy of texting them notice the job offer was withdrawn due to information in the background check, which willfully violates the FCRA, because Defendant's policy failed to provide the Plaintiff and members of the class with a copy of their Consumer Report before taking adverse action. Plaintiff also argues the Defendant's willfulness shown by its FCRA adverse action violations as to all class members satisfies typicality, in that Defendant acted consistently with company procedures with respect to each member of the class. Thus, Plaintiff posits the answer to the question of whether Defendant's violations were willful can be determined on a class-wide basis. Plaintiff further asserts because the amount of damages satisfies typicality for all class members since Plaintiffs seek statutory and punitive damages, no individual analysis of damages will be required. Plaintiff asserts claims arising from the same forms, practices and course of conduct that gives rise to the claims of all class members, based on Mr. Gallaway's testimony that the same forms and policies have been applied throughout the class period. (Doc. 23-5, p.62-63). Accordingly, Plaintiff concludes Plaintiff's claims are co-extensive with those of the class he seeks to represent, and the typicality requirement is met.

Defendant argues only about 500 of the 2,600 plus applicants who were not hired based on background checks are known for certain to have not received their report and notification before being told they were not being hired. Defendant concludes as a result that Plaintiff's adverse action claim is not typical because it does not arise from the same events or course of conduct as those experienced by most class members. Defendant further argues that Plaintiff's statutory damages claim is not typical of the class because (1) any class members who suffered actual damages from failure to receive the background report before being denied employment will not have an opportunity to prove actual damages (which would likely be much higher than the statutory damages), and (2) any class members who suffered actual damages from failure to receive the background report before being denied employment would not have to show willfulness to recover those actual damages, whereas they would in order to be awarded statutory damages as sought by Plaintiff.

3

Plaintiff's reply argues that even those outside the 500 were victims of an adverse action in violation of the FCRA because even they were treated in accordance with Defendant's stated policy, under which, if Defendant staff finds:

> a reason for rejection, they log in to the Sterling website and initiate an adverse action process, and then after they've done that, they will then change their status in our database to "not approved," which will generate an email and a text from our system and also cancels them from the schedule.

Plaintiff asserts because the FCRA adverse action was created to allow an applicant to have a meaningful review of the Consumer Report and then an opportunity to contest or explain the information contained within the Consumer Report, the email followed immediately by the text notice of the adverse action defeats the protections provided by the FCRA. Plaintiff's argument is that applicants are not provided any time for a meaningful review (if there is any review at all) before the text notification is received, so members within the 2,600 group, but outside the 500, have also experienced an adverse action due to Defendant's policy. As to damages, Plaintiff contends the Eighth Circuit has directly rejected defendant's argument that the class cannot be certified because of a lack of typicality on the issue of damages, citing *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 375 (8th Cir. 2018) ("A class may be certified based on common issues even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.").

The Court finds Plaintiff's reasoning and authority persuasive and concludes Plaintiff has adequately shown typicality.

## II.  Predominance - Rule 23(b)(3)

Predominance requires showing "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." *Id.* (quotation marks and citation omitted). "If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Id.* (quotation marks and citation omitted). Predominance fails

if individual questions "overwhelm the questions common to the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013).

Plaintiff argues the question of whether Defendant's adverse action policy of text notification regarding the adverse action prior to providing a copy of the Consumer Report and an opportunity to contest or explain the contents of the Consumer Report violates the FCRA will be resolved by common evidence of Defendant's forms and procedures. Plaintiff also asserts the amount of damages will be determined on a class-wide basis, in that Plaintiff seeks statutory and punitive damages, so no individual analysis of damages will be required. Plaintiff further contends common evidence can be adduced at trial demonstrating that Defendant acted willfully within the meaning of the FCRA.

Defendant counters that it will be necessary to determine, as to each of the 2,000 plus applicants who should have received their report and notification before being told they were not being hired, whether the events in fact happened in that sequence. Defendant insists that for each class member, this will be an individual issue, and those individual questions regarding the sequence of events will "overwhelm the questions common to the class." Defendant also contends there is a need for individualized proof in determining the amounts of statutory damages to be awarded to each class member. Accordingly, Defendant argues the predominance requirement cannot be met as to the proposed adverse action class. While acknowledging a split of authority on the issue, Defendant points out that some courts have held that evidence relating to an individual's situation is relevant in determining the amount of statutory damages to be awarded to each claimant under the FCRA.

Defendant cites *Martinez v. Triple S Properties*, No. 17-cv-03195 RK, 2019 WL 1646405 (W.D. Mo., April 16, 2019), in which this Court considered a proposed class consisting of people who were denied leases based on consumer credit reports but did not receive the proper adverse action notice from the defendant landlord. In *Martinez*, this Court held that predominance could not be shown where plaintiffs were seeking statutory damages for violations of the FCRA because "individual evaluations of damages would still be required to assess statutory damages…. Plaintiffs…do not say why they believe all proposed class members would have been harmed to the same degree…. This is insufficient to carry their burden." 2019 WL 1646405 at*4.

Here, the Court similarly finds that individual questions overwhelm common questions. Although the question of whether Defendant's adverse action policy violates the FCRA and

whether such violation was willful will be resolved by common evidence, including Defendant's forms and procedures, individual evaluations of damages will be required to assess statutory damages because section 1681n(a)(1)(A) of the FCRA does not set a fixed statutory penalty amount.[2] Further, the evaluation of predominance in this case is analogous with that in *Martinez*, in which the prima facie showing of liability depended on an individualized showing of whether the leasing decision as to each class member was based in whole or in part on a consumer report or entirely on some other source, such as a lease application or public record. The same will be true of Plaintiff's proposed class. Demonstrating prima facie liability here depends on an individualized showing whether the basis of the adverse action as to each class member was the consumer report or another source.

For these reasons, Plaintiff has not adequately demonstrated predominance.

## Conclusion

Accordingly, Plaintiffs' motion for class certification (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: June 23, 2021

---

[2] Section 1681n(a)(1)(A) allows statutory damages in any amount between $100 and $1000. "[S]tatutory damages . . . typically require an individualized inquiry." *Soutter v. Equifax Info. Servs., LLC*, 498 F. App'x 260, 265 (4th Cir. 2012).