## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| MICHAEL MATHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:20-06057-CV-RK |
| | ) | |
| FIELDWORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's motion for reconsideration of the denial of class certification.[1]  (Doc. 60.)  The motion is fully briefed.  (Docs. 64, 69.)  For the reasons set forth below, the motion is **GRANTED.**

Plaintiff first argues the Court erred in analyzing whether the defendant's liability to all plaintiffs would be established with common evidence.  The Court concluded an individualized showing was needed to determine whether the adverse action was based on information from the consumer report or based on information from another source.  The Court erred in making this conclusion.  The adverse action taken against each class member was the denial of employment.  More importantly, Plaintiff has made a showing that all adverse action taken against each class member was based on information contained in each class members' consumer report.  Therefore, in this case, demonstrating *prima facie* liability does not depend on an individualized showing as to each class member.

Plaintiff next argues the Court erred in its analysis of predominance as it relates to statutory damages under the Fair Credit Reporting Act ("FCRA").  The Court agrees with Plaintiff.  In the Order denying class certification, the Court found that "individual evaluations of damages will be

---

[1] Plaintiff filed his motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  (Doc. 60 at 2.)  Plaintiff also notes the Court has broad discretion to reconsider a denial of class certification. (Doc. 69 at 3 citing *In re Wholesale Grocery Prod.*, 946 F.3d 995, 1004 (8th Cir. 1919).)

   The Court has "general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008).  "[S]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when [the Court is] convinced an error has been made, manifest or not."  *Halloran v. Houlihan's Rests., Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *1 (W.D. Mo. Feb. 12, 2013) (internal quotation marks omitted).

required to assess statutory damages because section 1681n(a)(1)(A) of the FCRA does not set a fixed statutory penalty amount." (Doc. 59, p. 6.) Although some class members were legitimately denied employment based on accurate information while other class members were erroneously denied employment based on inaccurate information, all class members are seeking statutory damages. As to all class members, the question of whether the Defendant's adverse action policy violates the FCRA and whether such violation was willful will be resolved by common evidence, including Defendant's forms and procedures. The Court therefore finds the predominance requirement of Rule 23(b)(3) is satisfied.

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff's motion for reconsideration (Doc. 60) is **GRANTED**; and

(2) Plaintiff's motion for class certification (Doc. 22) is **GRANTED** as to Plaintiff's proposed adverse action class.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 5, 2021

2