IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL MATHEWS<br>Individually And On Behalf Of<br>All Others,<br><br>   Plaintiff,<br><br>vs.<br><br>**FIELDWORKS, LLC,**<br><br>   Defendant. | Case No.: 5:20-cv-06057-RK |

### DEFENDANT'S SUGGESTIONS IN SUPPORT OF
### MOTION FOR RECONSIDERATION AND MODIFICATION

Defendant FieldWorks, LLC ("FieldWorks"), by and through counsel, for its Suggestions in Support of its Motion for Reconsideration and Modification, states the following:

Plaintiff's claim under the Fair Credit Reporting Act ("FCRA") for "adverse action" taken against applicants for employment with Defendant FieldWorks, LLC ("FieldWorks"), remains in the case. The Court denied summary judgment on the standing issue as to the adverse action claim, finding disputed issues of material fact. Doc. No. 58.

With respect to the adverse action claim, there are two groups of applicants involved. One group, consisting of about 500 applicants, definitely did not receive a copy of their background report before being informed that they would not be hired. FieldWorks acknowledges that, based on this Court's rulings, a class consisting of this group can be certified. As to a second group, of about 2,100 applicants, some received the background report before being told they would not be hired and others did not. It would be necessary to determine the sequence—before or after—for each individual applicant in that group.

In its October 5, 2021 ruling (Doc. No. 70) granting Plaintiff's Motion for Reconsideration (Doc. No. 690) and granting class certification, the Court did not distinguish between these two groups. Rather, the Court simply granted Plaintiff's Motion for Class Certification (Doc. No. 22) as to the entire universe of denied applicants. It is unclear if the Court intended not to distinguish between the two groups. Granting class certification as to the second group would be a clear error of law. For those reasons, Defendant respectfully moves for reconsideration and modification of the Court's October 5, 2021 Order granting reconsideration and class certification (Doc. No. 70), to certify only the first group of 500 and deny class certification as to the remaining applicants.

## I. LEGAL STANDARD

"A class action determination is in the nature of an interlocutory order." *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 219 (8th Cir. 1977). Under Fed. R. Civ. P. Rule 54(b), this Court has the power to reconsider and revise an interlocutory order. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008). "'[S]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.'" *Halloran v. Houlihan's Restaurants, Inc.*, No. 4:11-cv-01028-DGK, 2013 WL 544011 *1 (W.D. Mo., Feb. 12, 2013)(quoting *Vosdingh v. Qwest Dex, Inc.*, No. 03-cv-04284-ADM, 2005 WL 1323007 *1 (D. Minn., June 2, 2005)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The record shows that FieldWorks' standard process during the relevant time period worked as follows. Once an applicant's background report was provided by the company's reporting agency,Sterling Talent Solutions, to FieldWorks, if the report disclosed a disqualifying criminal conviction, the FieldWorks staffer would log into the Sterling website and initiate an

"adverse action process." (Declaration of Christopher Gallaway attached to Defendant's Suggestions in Opposition to Motion for Class Certification, Doc. No. 38-1 "(Gallaway Decl.") at ¶¶22-23). Sterling would then send an email with a link to a portal where the applicant would log in and view the background report and a summary of applicant's rights under the FCRA. (*Id*. at ¶24). Then the staffer would change the status of the applicant in the FieldWorks database, an action that would generate an email and text to the applicant informing them that they did not pass the background check and could not be hired. (*Id*. at ¶¶25-26).

During a certain three month period, occurring from about September through December 2019, FieldWorks staffers did not initiate the adverse action process for applicants with disqualifying background checks. In all those cases— constituting about 500 of the 2,600 members of the proposed class —the applicant definitely did *not* receive the background check report either at all, or before being told by FieldWorks that they would not be hired. (Gallaway Decl. ¶¶29-30).

With respect to the remaining 2,100 applicants, however, while the standard process was designed to ensure that the applicant received the email from Sterling with the background report and notification of rights *before* receiving the text informing them they would not be hired, FieldWorks has no way of confirming for certain, within its own system, exactly when the applicant received the initial email from Sterling. (*Id*. at ¶27). Thus, in some unknown number of cases, the initial adverse action email from Sterling (with a copy of the report) as received before the applicant was notified they would not be hired and in some cases that e-mail was received afterwards. (*Id*. at ¶28). As FieldWorks co-owner Chris Gallaway testified in his deposition:

> We also have a communication system internally with our—for our team and for us to communicate with them from FieldWorks. So Fieldworks, once the—adverse action

3

> process has been initiated at Sterling, will also tell the applicant we can't hire them—
> Q. Okay
> A. and then we'll remove them from the schedule.
> Q. Okay.
> A. So the text and email they get from FieldWorks is different than the communication that they're getting form Sterling.
> Q. Okay.
> A,. Two separate things.

(Transcript of Deposition of Christopher Gallaway, Dec. 2, 2020, attached to Plaintiff's Motion for Class Certification as Exhibit 5, (Doc. No. 23-5 ("Gallaway Tr.") 82:8—22). Mr. Gallaway further explained that:

> Q. Okay, and so, like, temporally, what is the –the time difference between when you go into Sterling and you have Sterling—you initiate Sterling's procedures and you have your own tech procedures over here? What's the time difference in those?
> A. *It varies greatly* because it's---both are human processes.(*Id.* at 109:11—18)(emphasis added).

Thus, for the second group-- the remaining 2,100 members of the class, it would be necessary to determine *for each individual applicant* whether that applicant received the background report and notification of rights *before or after* being told by FieldWorks that they would not be hired.

### B. The Court's Prior Orders

In its original Order denying class certification (Doc. No. 59), the Court acknowledged this sequencing issue as to the second group of applicants, but based its decision on two findings unrelated to that issue: first, that "individual evaluations of damages will be required to assess statutory damages," Doc. No. 59 at 2; and second, that an individualized showing would be required as to "whether the basis of the adverse action as to each class member was the consumer report or another sources." *Id.*

In his Motion for Reconsideration of that Order (Doc. No. 60), Plaintiff correctly pointed out that the basis for adverse action as to all applicants denied employment, was indeed the

4

consumer report. Plaintiff also argued that the Court had erred as a matter of law as to the issue of individualized damages.

In its Order granting that Motion for Reconsideration (Doc. No. 70), the Court accepted both of those arguments. However, the Court's Order did not address the sequencing issue at all and did not distinguish between the first group of 500 applicants who definitely did not receive a copy of their background report before being denied employment, and the second group, in which some applicants received the background report before being denied employment, and some after.

### III. ARGUMENT

Accepting that this Court's rulings on the arguments raised by Plaintiff in his Motion for Reconsideration (common basis for adverse action and statutory damages) are correct, the Court's Order granting reconsideration and class certification still does not address the issue of sequencing and the consequent differences between the two groups of applicants. Within the second group, it is simply not possible to determine whether the applicant received the background report before or after getting notification that they would not be hired, without an individualized inquiry. If the background report was received before the applicant was told they would not be hired, there would be no violation of the relevant FCRA provision, 15 U.S.C. §1681b(b)(3)(A)( *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--(i) a copy of the report;…")(emphasis added). For that reason, as to the second group, the predominance requirement of Fed. R. Civ. P. 23(b)(3) cannot be met.

"'If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question.'" *Avritt v. Reliastar Life Ins. Co*., 615 F.3d 1023, 1029 (8th Cir. 2010)(quoting *Blades*

5

*v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)). When individual questions predominate over questions common to the class, the predominance requirement is not met, and the class should not be certified. *Harris v. Union Pacific Railroad Co.*, 953 F.3d 1030, 1033 (8th Cir. 2020); *Ebert v. General Mills, Inc.*, 823 F.3d 472, 478-80 (8th Cir. 2016).

For these reasons, Defendant respectfully requests that the Court modify its Order granting reconsideration and class certification (Doc. No. 70) to grant class certification only for the first group of 500 applicants; and to deny class certification as to the remaining applicants in the proposed class.

## CONCLUSION

For the reasons set forth above, Defendant FieldWorks' Motion for Reconsideration and Modification should be granted.

Respectfully submitted,

Dated: November 2, 2021
     \*

/s/ Joseph E. Sandler
Admitted *pro hac vice*
Sandler Reiff Lamb Rosenstein & Birkenstock
1090 Vermont Ave., N.W. Suite 750
Washington, D.C. 20005
Tel: (202) 479-1111
Fax: (202) 479-1115
sandler@sandlerreiff.com

Christopher Carpenter  MO  #41572
Schaffer & Associates, Chtd.
10561 Barkley Street, Suite 620
Overland Park, KS 66212
(913) 345-0100
(913) 345-1802 Facsimile

ccarpenter@schafflaw.com

Bradley Ketcher  MO #37958
P.O. Box 190201
St. Louis, MO 63119
Tel: (314) 259-1234

Fax: (314) 667-5664
brad@ketcher.com

Attorneys for Defendant FieldWorks, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2d day of November 2021, I filed the foregoing Defendant FieldWorks' Suggestions in Support of Motion for Reconsideration and Modification to be filed through the Court's ECF system, which caused a copy to be served on all counsel of record.

/s/Joseph E. Sandler

Co-Counsel for Defendant