# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL MATHEWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:20-06057-CV-RK |
| FIELDWORKS, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

The Court sua sponte addresses the issue of subject matter jurisdiction in light of the Eighth Circuit's recent opinion in *Schumacher v. SC Data Center, Inc.*, No. 19-3266, 2022 WL 1400741 (8th Cir. May 3, 2022). In light of the Eighth Circuit's holding in *Schumacher*, review of the record in this case, and after careful consideration, the Court finds it lacks subject matter jurisdiction in this case, and therefore **REMANDS** this case to state court.

## I. Background

Plaintiff was an applicant for employment with Defendant employer. Plaintiff's Amended Complaint alleges Defendant failed to give Plaintiff and those similarly situated to him a copy of their consumer report before it took adverse action against them based on those consumer reports, violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3). (Doc. 28.) Specifically, Plaintiff claims Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the putative adverse action class. Plaintiff alleges Defendant violated the FCRA by failing to provide Plaintiff and other adverse action class members with (1) a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action, and (2) a reasonable time to review, dispute, contest, address, and/or otherwise challenge any information or inaccuracies within the Consumer Reports prior to the adverse action. Plaintiff's Amended Complaint contains three counts under the FCRA: Count I is an adverse action claim, Count II is an improper disclosure claim, and Count III is a failure to authorize claim.

At this juncture, the Court has: (1) dismissed Plaintiff's improper disclosure and failure to authorize claims (Counts II and III) for lack of subject matter jurisdiction (Doc. 46), (2) denied Defendant's motion for summary judgment as to Plaintiff's adverse action claim (Count I) (Doc.

58), and (3) granted Plaintiff's motion for class certification as to Plaintiff's proposed adverse action class (Doc. 70).

## II. General Principals of Article III Standing

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (cleaned up).

Standing is a threshold or jurisdictional issue. *See Cook v. ACS State & Local Sols., Inc.*, 756 F. Supp. 2d 1104, 1106 (W.D. Mo. 2010). A district court does not have subject matter jurisdiction when a plaintiff lacks standing. *Nelson v. Maples*, 672 F. App'x 621 (8th Cir. 2017) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish the 'irreducible constitutional minimum of standing,' [Mathews] must show [he has] '(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged action of [Fieldworks], and (3) is likely to be redressed by a favorable judicial decision.'" *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636–37 (8th Cir. 2021) (quoting *Spokeo*, 136 S. Ct. at 1547). "An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or hypothetical." *Philadelphia Indem. Ins. Co. v. Atl. Specialty Ins. Co.*, No. 6:20-CV-03065-MDH, 2020 WL 4819949, at *1 (W.D. Mo. Aug. 19, 2020) (internal quotation marks omitted). "'Article III standing requires a concrete injury even in the context of a statutory violation,' and a plaintiff cannot 'allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.'" *Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018) (quoting *Spokeo*, 136 S. Ct. at 1549).

## III. Discussion

In *Schumacher*, as here, the plaintiff filed a case against an employer defendant under the FCRA bringing an adverse action claim, an improper disclosure claim, and a failure to authorize claim. *Schumacher*, 2022 WL 1400741, at *2. Similar to Plaintiff Mathews, the plaintiff in *Schumacher* "was offered a job, given a start date, and that the job offer was rescinded before she was given a chance to see or respond to the consumer report. [The defendant] relied on information in the report when it took adverse employment action." *Id.* at *4. The Eighth Circuit found the

2

plaintiff in *Schumacher* did not have a redressable claim because she did not claim the information in the report was inaccurate. *Id.* at *2, *5. The Eighth Circuit reasoned that "[n]either the text of the FCRA nor the legislative history provide support for Schumacher's claim that she has a right under the FCRA to not only receive a copy of her consumer report, but also discuss directly with the employer accurate but negative information within the report prior to the employer taking adverse action." *Id.* at *5. The Eighth Circuit noted that "[w]hile it is true that Schumacher did not receive a copy of her report prior to rescindment of the job offer, she has not claimed the report was inaccurate." *Id.* Accordingly, the Eighth Circuit concluded:

> Schumacher may have demonstrated an injury in law, but not an injury in fact. One of the primary goals of the FCRA is to protect consumers and employees from the dissemination of inaccurate information. We decline Schumacher's request to create an additional right under the FCRA—that is, the right to explain to a prospective employer negative but accurate information in a consumer report prior to the employer taking an adverse employment action. Schumacher's adverse action claim is not redressable under the plain language of the statute.

*Id.* The case was then remanded to the district court with instructions to then remand the case to the state court. *Id.* at *7.

Here, as in *Schumacher*, Plaintiff's adverse action claim demonstrates an injury in law, but not an injury in fact. Plaintiff does not claim the consumer report was inaccurate, and thus his adverse action claim is not redressable under the statute. *Id.* at *5.

Accordingly, the Court finds it is without subject matter jurisdiction. This case is therefore **REMANDED** to the state court.[1]

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 10, 2022

---

[1] 28 U.S.C. § 1447(c); *see Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (noting that if a case has been removed to federal court and the plaintiff lacks Article III standing to confer federal jurisdiction, "the federal court *must* remand the case to the state court from whence it came").